Kent, Ch. J.
delivered the opinion of the court. We are satisfied there is no ground for the last objection, arising out of the original usury. The cases of Ellis v. Warnes, and Cuthbert v. Haley, are decisive authorities for the plaintiffs. The only questions are, whether here was a sufficient *152 consideration for the promise, and whether the plaintiffs did withdraw the note agreeably to the intent, and according to the condition, of the promise. It is stated in the defendant’s lettewto the plaintiffs, that the note was lent to him, or for his use. By this, I understand him to say, that he was exclusively benefited by the money or credit raised by the original note, for to secure the payment of which- the one in question was given. He was, therefore, the cestui que trust, the real debtor who stood behind the parties to the transaction in their responsibility to the plaintiffs, lie was bound to indemnify them'for the sum the plaintiffs should recover; and if, instead of paymer through the medium of a third person, he came forward to assume directly the debt to the plaintiffs, he did no more than what he was under an equitable obligation to do. This is the only true and intelligible construction of the language in his letter, and the moral obligation he was under was a sufficient consideration for his promise. The condition that he annexed to his promise was literally complied with. The note was withdrawn from the bank ; and that is all that was requisite to bind him, considering he was under-the equitable obligation I have stated. We are not to look for the consideration of the promise, from the act of withdrawing the note. That perhaps, would not alone have created one, though considering the course of business and credit at the bank, the dishonor of a note, placed under the agency of the bank for collection, was a matter of real and serious consequence to the credit of the party; and much more so than if-it had happened without the purview of the bank. *We think it, however, sufficient for us to look' only to the literal fulfilment of the condition annexed to the promise, since we perceive a valid consideration'for the assumption without reference to that condition. We are of opinion, therefore, that the plaintiffs are entitled to reeover.[1]
Judgment for the plaintiffs.

 In a snit on a bond to indemnify- the obligee for hia liability as makes *153 of a promissory noto held by a third person, and to pay off such note, tho defendant cannot set up usury in the note. Churchill v. Hunt, 3 Denio, 321. "Where a usurious note had been transferred for a valuable consideration, and a new note given to an insolvent holder, held not to bo void. Kent v. Walton, 7 Wen. 256. A judgment in the hands of a Iona fide assigneo is not affected by usury between the original parties. Wardell v. Eden, 2 J. C. 258; S. C. 1 J. R. 531, note.