[S. C., ante, 49, 111, 243.]
Two questions present themselves, —
1st. Whether it were competent to the defendant to show a better subsisting title out of the lessor of the plaintiff.
2d. Upon the trial, a deed had been rejected upon the ground that it was registered when there was no law to authorize it. Since that time a law had passed authorizing its registration; can it now be received as evidence, and will the Court grant a new trial for the purpose of letting it in?
on the first point, never entertained *Page 309 
but one opinion. Possession is always favored, and of itself, with color of title. is a title against all the world except the person having the best title. The law of England on the subject is too clear to admit of doubt, nor could any reason be seen why the law should not apply here as well as there. In the language of the master of the rolls, in the case of Dudley v. Dudley, Pre. Chan. 249, "it is one of those wise inventions of the law calculated to protect possessions." Litigation is an evil incident to our nature. Wise institutions are calculated to produce the greatest good, of which we are capable in society; therefore, such as tend to discourage unnecessary litigation have this effect.[1] As it respects real property, this rule is peculiarly important. Agriculture is the basis upon which society and all that is valuable to men rests; take away the groundwork, and every thing falls. In ancient and modern times, every wise lawgiver thought it essentially necessary to afford every reasonable support to the husbandman and cultivator of the earth. The framers of our own laws, 1715, c. 27, have told us "that our titles are frequently so perplexed that no man knows of whom to take or buy land." The same state of things no doubt exists in the country where the common law took its rise. It too often happens that there are many titles and claims to the same piece of land, which authorizes the putting of this case. A. is in possession, B., C., and D. have claims to the same land. B., who has a better title than A., sues him; C. has a better title than B., and D. a better title than any of them. A. offers to give the title of D. in evidence, so as to show that B. has no right to the land; if this evidence were rejected, what would be the consequence? A. would be turned out of possession, and B. put in. The affairs of A. are deranged, his improvements, the effect of much toil and anxiety, all lost; he, together with his family, turned out to search a place of shelter; and what useful purpose is this proceeding, so destructive to the happiness of one family at least, to answer? Soon after B. gets possession, C. or D. sues him, and recovers, which he must do; here is another family placed in the same situation. The peace, *Page 310 
happiness, and permanent good of society manifestly require the rule which is adopted by the common law. to wit, that the tenant may protect his possession by showing a better title out of the lessor of the plaintiff; and the Court, according to my apprehension of the law, cannot refuse the evidence when they see that it is a better subsisting title;[1] the moment they see that, they know the plaintiff has no right to the land, and if he has no title, it is perfectly immaterial with him who has, for the possession of the defendant is no injury to him. Though the right to give the evidence is evident, yet its exercise in this country ought to be so guarded that the Court and jury may not be involved in perplexity. It should be a clear, legal title, not entries, nor one where the boundaries are disputed and uncertain.[2]
On the second ground, if the production of the deed lately registered would enable the defendant to make out a better title than the plaintiff, he ought to have a new trial, but if this were the only point in the case he ought to pay every cent of costs which has been incurred in the cause.
On the first part of the case, the defendant ought to have a new trial without costs, the testimony having formerly been improperly rejected.
[1] Kaim's Pr. Eq. 404-440.
[1] 2 Caines, 152.
[2] Kaim's Pr. Eq. 389; 2 Johns. 393; 1 Dall. 18.