By the Court.

The supposed trustee has discharged himself by his answers to the interrogatories put to him, unless he is obliged by law to answer the last interrogatory ; which is intended to draw from him an acknowledgment, that, in the purchase of some real estate of the principal debtor, part of the consideration was a debt arising upon an usurious loan, which the trustee had made to the debtor.
If the object of the interrogatory be, to avoid the conveyance of real estate, it is improper ; because no man shall be held, by his answers, to disparage his title. [‡ Nor, indeed, would the effect be such as is contemplated ; for, the bargain and sale being executed, the title under it would *not be disturbed by proving that a part of the consideration was a usurious debt.
If the object of the interrogatory be, to recover from the trustee the excess beyond the amount of the debts and the lawful interest *89 thereon, which may have formed the consideration of the conveyance ; we think, that, in that view, the trustee cannot be held to answer. He cannot answer affirmatively without criminating himself; and, although the time may have passed for a suit for the penalty, yet the ground, upon which he would be made liable at all, would be, the violation of a law of the land, which he is not obliged to confess, [† But, if this were not so, we think that he could not be charged on account of any receipt of money on a usurious consideration. This is a matter between the principal debtor and his creditor, the supposed trustee. And, although the debtor, or his legal representative, might maintain an action for such excess ; because, in that case, the bargain would be disaffirmed by the party who had a right to do it; yet we are all clearly of opinion that this is not such a right of action as may be the subject of a foreign attachment.

Trustee discharged.

 See Devoll vs. Brownell, 5 Pick. 448. — Ed.]

 See Bull vs. Loveland, 10 Pick. 9; Greenleaf on Evidence, 500, et seq. — Ed.]