By the Court.

We consider that Mr. Blake is not obliged to answer all the questions put to him by the plaintiff, nor any which may tend to impair or impeach his title to any real estate which he may have derived from the principal debtors.
But we are satisfied that there may be cases where the person having the legal title to real estate may be answerable, as trustee, for the rents and profits, or for the proceeds of the estate if sold by him, in virtue of any written agreement or declaration of trust. And such interrogatories as may tend to show that he holds the estate in that manner, or that he has received any rents and profits, or proceeds of the sale of such estate so held, we think the trustee is obliged to answer; for his answers will not affect his legal title.
* So, if there should be a voluntary disclosure of a trust not committed to writing, the trustee may be chargeable on this process for any proceeds of such estate in his hands belonging to the cestui que trust; although we think he is not compellable to make such disclosure.
In the present case, the plaintiff may put his interrogatory, in the following form, to the supposed trustee, whom we shall hold bound to answer thereto. Is there any real estate in your possession, belonging to the said T. Lewis and J. Lewis, which you hold in trust for them, so that you are accountable for the rents and profits thereof? or are you under any obligation to account for the proceeds of the same, or of any part thereof, if sold by you ? (a)

 Vide Boardman vs. Roe and Trustee, 13 Mass. Rep. 104. It is an established rule in courts of equity that a defendant is bound to answer, unless the discovery may hav.ard his title in a case where in conscience he has at least an equal right with the *121 person requiring the discovery, though that right may not be clothed with a perfect legal title. — Mit. Pl. p. 194, 4th Lond. ed. — Attorney-General vs. Duplessis & Al., Parker, 151. — At law, a witness is bound to answer where his answer may subject him to a civil action, or charge him with a debt. — 1 Phil. Ev. 277, 7th Lond. ed.— Stoddart, Lessee, vs. Manning, 2 H. & G. 147. — Gorham vs. Carroll, 3 Litt. 221.— Black vs. Crouch, 3 Litt. 226. — The 46 Geo. 3, c. 37, is merely declaratory of the common law. At the time of the passing of that act, when the general privileges of witnesses were much discussed, it was proposed to insert in the act a proviso, that no mortgagee, or bond fide purchaser, or possessor, of an estate, should be compelled to answer any question, the answering of which might probably tend to defeat his title, or incur a forfeiture of his estate. But this proviso was afterwards withdrawn. Whatever reason there may be for protecting a witness, in such a case, in an action at common law, where he has not the opportunity, or will not be allowed fully to disclose every thing necessary for his protection when not necessary for the cause on trial, there seems to be no reason why the rule adopted in courts of equity should not apply to one summoned in a process of foreign attachment, who can state every thing necessary to protect himself.