## RICHARDSON *vs.* FIELD.

The party giving a usurious security is in all cases entitled, at some time, to avoid it by showing the usury, unless he has waived the right by his own act, or forfeited it by his own neglect.

Therefore, where a right in equity of redemption had been sold at a sheriff's sale, and become absolute in the purchaser by the expiration of a year, and the purchaser took an assignment of the mortgage, thus uniting the whole title in himself; and then brought a writ of entry against the mortgagor, who had always remained in possession; it was held that the latter might set up the defence of usury in the notes, to defeat the demandant's title.

This was a writ of entry, in which the demandant counted on his own seisin; and it was tried before the Chief Justice, upon the general issue, with a reservation of liberty to give special matter in evidence. The writ was sued out *Feb.* 5, 1827.

The demandant showed a mortgage deed of the premises, dated *March* 22, 1821, made by the tenant to one *Bracket,* to secure the payment of 2998 dollars and interest, viz. $107 26 in one year, and the residue in two years; and deduced title to himself under a sheriff's sale of the right in equity of redemption, *Sept.* 3, 1825. He also showed an assignment of the mortgage from *Bracket* to him, *Oct.* 16, 1825; and it appeared that on the same day the demandant had mortgaged the same premises to *Bracket,* to secure the payment of $1900 05.

The tenant proved that *Bracket,* at the time of making the mortgage, promised to pay his debts as they should become due; but that he had paid only about a thousand dollars. He also offered to prove that the notes secured by the mortgage were given without consideration, and were usurious; but the Chief Justice rejected the testimony; and a verdict was returned for the demandant, subject to the opinion of the court upon the admissibility of the evidence offered.

*Longfellow* and *Greenleaf* argued for the demandant, that the proof of usury was not open to the tenant, as the title was out of

him by the sale of his right in equity, and the lapse of a year. By *Stat.* 1821, *ch.* 60, *sec.* 18, the sheriff's deed is to have the same effect as if the conveyance had been made by the debtor himself. It is therefore a new contract, made between the tenant and the demandant, who is an innocent party, against whom usury cannot be set up. *Bearce v. Barstow,* 9 *Mass.* 48; 5 *Dane's Abr.* 356; *Stewart v. Eden;* 2 *Caines,* 150; *Ord on Usury,* 103; *b. c;* 1 *Campb.* 165; *note.*

But if this defence could at any time be set up against an innocent purchaser of the equity, it is not admissible after the title of the latter has become absolute by the lapse of time. *Flint v. Sheldon,* 13 *Mass.* 443. Such a doctrine would be open to gross abuses. If one must suffer, let it be him who has remained silent, while the purchaser was unwittingly acquiring a defective title. Upon this principle no injustice will be done, since the mortgagor can have all his equitable rights, upon a bill brought to redeem.

*Fessenden* and *Deblois* for the tenant.

MELLEN C. J. delivered the opinion of the court.

By the report of the Judge it appears that the tenant offered to prove that the notes, mentioned in the mortgage deed from him to *Bracket,* were given without consideration, and also that they were given upon a usurious consideration. The evidence thus offered was excluded by the Judge who presided at the trial; and the question reserved for the consideration of the whole court is, whether it was properly excluded; if so, judgment is to be rendered on the verdict; otherwise a new trial is to be granted. The first objection, relating to the consideration of the note has been very prudently abandoned by the tenant's counsel, as one which could not, on any legal grounds, be sustained. We therefore pass it over, and proceed to the consideration of the question of usury.

In the first place we may here remark that the tenant has not, and does not pretend to have, any title to the demanded premises, other than his possession. The demandant, as the assignee of the mortgage, under the conveyance of *Bracket,* and as purchaser of

the tenant's equity of redemption, has completely united the two parts of the estate, and become absolute owner of the same, at least in respect to the tenant; because the mortgage by the demandant to *Bracket* is a fact which does not concern third persons; as to them, the demandant is considered the owner. The question then is, whether it is competent for the tenant to avail himself of the evidence of usury in the notes described in the mortgage deed, for the purpose of defeating the demandant's estate? It has been decided in *Boardman v. Roe & trustee,* 13 *Mass.* 104, and *Flint v. Sheldon, ib.* 443, that an absolute conveyance of land cannot be avoided by evidence of usury; the same not being " an assurance for the payment of money lent." And it has also been decided in *Green v. Kemp, ib.* 515, that " a mortgage made upon a usurious consideration is void only as against the mortgagor and those who lawfully claim the estate under him; and that a purchaser of the mere equity of redemption cannot avoid the mortgage by plea or proof of usury." The tenant, when this action was commenced, had no right to redeem the mortgage; the whole of the interest that remained in him, after making the mortgage, having been purchased by and conveyed to the demandant; in fact, the tenant, if he has no right to make this defence, is a mere stranger and a disseisor. Another principle is laid down by *Jackson J.* in delivering the opinion of the court in the above case of *Flint v. Sheldon.* It was a writ of entry, in which the demandant counted on his own seisin, and in support of his title read an absolute deed of the demanded premises from the tenant to himself. The tenant offered to prove by parol that the deed, though absolute in form, was made as collateral security for the payment of a sum of money loaned to him by the demandant on usurious interest. This proof was rejected. The court confirmed the opinion of the presiding judge; and *Jackson J.* after having observed upon the impropriety of allowing the admission of parol evidence to contradict the language and change the character of the deed, proceeds and says, " If, in the present case, the conveyance to the demandant had been in form a mortgage, he would, after a judgment, or an entry in pursuance of the statute, and a peaceable possession for three years, have held the land, without any possibility

of having his title impeached, upon an allegation of usury in the original conveyance." The reason is, the mortgagor by his own neglect, and lapse of time, would have permitted the conditional estate of the mortgagee to become absolute, and the two parts of the title, which had been separated by the mortgage, to be re-united in him or his assignee. Now it is true that, in the case at bar, there has been no judgment on the mortgage, nor entry, pursuant to the statute, for the breach of the condition, followed by peaceable possession for three years, which would have vested the absolute title in *Bracket* or the demandant, his assignee ; yet those facts have taken place, which have produced the same result, because the demandant has, by purchase, united in himself the title of the mortgagee and the right of redemption which belonged to the tenant, the mortgagor ; and he, by lapse of time, has lost the right of redeeming the equity of redemption. Thus the whole and absolute title, if not impeachable, is vested in the demandant. The question then is, whether the manner in which the title has become so acquired, has placed it beyond the possibility of impeachment, before the present action was commenced, as effectually as a foreclosure by judgment of court, or entry for the breach of condition, pursuant to the provisions of the statute, by the mortgagee or his assignee, and his continuance of a peaceable possession for three years, as stated by *Jackson, J.* in the case of *Flint v. Sheldon.* We apprehend there is in one respect an important distinction between the cases, which seems not to have been noticed by the judge presiding at the trial. In the case of a foreclosure by judgment, the mortgagor, or his legal representatives, must be deemed to have waived the opportunity of proving the usury, for instance, on trial, and thus defeating the mortgage, and the asserted title under it; and in case of an entry for breach of condition, and peaceable possession continued for three years, the mortgagor, or his representatives, must also be considered as having waived the privilege and opportunity of defeating the conveyance on that ground ; because such peaceable entry and continued peaceable possession might easily have been prevented by the mortgagor ; and the mortgagee or his assignee have been compelled to resort to his writ of entry to obtain possession. His

Richardeon *v.* Field.

omission to object to and prevent such peaceable entry and posses-sion, may fairly and properly be considered as an assent to such entry and possession, similar to that implied by a default in a suit on mortgage. In both cases the mortgagor, or those claiming under him, had an opportunity to contest the deed on any legal ground; but, for reasons satisfactory to themselves, did not deem it expedient to make use of it. In the case before us, the counsel for the tenant has urged that until the present action was commenced against him, he never had it in his power to shew the usury, and thereby avoid the mortgage; that as there was never any entry for condition broken, he could op-pose none; that he could not prevent the assignment of the mort-gage, nor the sale of the equity of redemption, without paying a sum of money, which, by law, he was not bound to pay; that usury is a legal defence, which he has, and always had a right to make, in the present action; and that he has not, by any act on his part, or any omission, consented to relinquish or waive it; and he now in-sists that he may be admitted to the enjoyment of his right in the present action. To this course of reasoning the counsel for the de-mandant has given several answers, and cited several authorities, which deserve examination. In *Bearce v. Barstow,* 9 *Mass.* 45, the defendant was decided not to have a right, on the ground of usury, to defeat the action, because of the change of securities. So also in *Chadbourn v. Watts,* 10 *Mass.* 121; and in several simi-lar cases. In all of them, the voluntary act of the defendant had taken away the defence of usury. So in *Thatcher & al. Ex'rs. v Gammon,* 12 *Mass.* 268, a judgment had been rendered on default on a usurious note; and afterwards a mortgage was made to secure the payment of the amount of the judgment; and the court held it not impeachable on the ground of the usury in the note. The Chief Justice, in giving the opinion of the court, observed that the authorities cited by the defendant's counsel were principally cases of judgments, confessed upon warrants of attorney, which were totally different from those rendered in the ordinary course of law, between party and party; and that in the former cases there was no oppor-tunity to plead. This is precisely what the tenant in the present ac-tion complains of. *Gammon* lost his defence against the note by his

default; that is, by his own consent. The principle in 5 *Dane's Abr.* 356 ; and 2 *Caines* 150 ; and 1 *Campb.* 165, have reference to the course of proceedings in courts of equity. The argument founded on the right of the tenant to have filed his bill in equity, and sought relief from the excess of interest, cannot be a satisfactory answer to a man who had a right to a trial at law ; in which trial he would be relieved from the whole debt, on proving the usury ; whereas in a court of equity he would only be relieved from the excess, by paying the whole debt and all lawful interest. The difference is too important to be disregarded. With respect to the language of the statute, as to the effect of the deed of an equity of redemption given by the officer, we apprehend it has reference merely to its operation as a conveyance ; not to those principles of law which would be applicable, where, on a trial, the title might be impeached. In a word, the tenant, by his counsel, contends that he can prove that the notes, to secure the payment of which the mortgage was given, were given on a usurious consideration ; that no one act has been done, or attempted to be done, by the mortgagee, or his assignee, or any one else, in relation to the mortgage, which he, the tenant, ever had an opportunity of resisting or contesting ; that being in possession of the premises which are demanded in this suit, he claims the right to prove the usury, defeat the mortgage and all supposed title in the demandant arising from it, and thereby protect his own possession and title ; that if he might have resorted to a bill in equity, it would not have afforded him what he now claims, a complete discharge from the mortgage, and consequent reinstatement in his perfect title to the premises.

After much consideration of this case, the arguments of the counsel, and the authorities and principles which have been examined and discussed, we have all of us come to the conclusion that the decision of the judge, who tried the cause, excluding the evidence which was offered to prove the alleged usury, is incorrect and cannot be sustained on any legal ground.

*Verdict set aside and new trial granted.*