Wilde J.
afterward drew up the opinion of the.Court. That the process of foreign attachment, or trustee process, does not extend to lands held by the trustee in trust, or as collateral security, or by a conveyance fraudulent against creditors, is very clear, we think, from the language of the statute and the current of the authorities. The words goods and effects, in their ordinary signification, designate personal property, and not real estate ; and in this sense they are manifestly used in the statute. In the fifth section, the court is directed to award execution, in case the trustee is not discharged, against the goods, effects and credits of the principal in the hands and possession of the trustee, and against the body, goods and estate of the principal; and in the prescribed form of the execution, the sheriff is directed to satisfy the creditor out of the goods, chattels, or lands of the principal in his own hands and possession, and of his goods, effects and credits in' the hands of the trustee. In the sixth section provision is made for scire facias against the trustee, upon his failing to discover and expose sufficient goods, effects and credits of the principal to satisfy the execution.
From these provisions it is apparent, that the statute was intended to operate on credits, and personal property only, and not on any interest in real estate, whether legal or equitable. And this construction of the statute is supported by all the cases cited. In no case has a trustee been charged on account of lands held in trust for the principal, or as security for a debt. No doubt credits may arise out of real estate thus held, as waj *575 decided in the case of Russell v. Lewis, 15 Mass. R. 127. Thus a trustee may be charged for rents and profits received of lands held in trust, or as security for debt, or for the proceeds of the sale of the estate itself, if it is sold by the trustee for the benefit of the principal. But he is not chargeable for the' value of the land which he may hold in trust, or as security, although the value of the land may exceed the amount of the debt secured. And so it was decided in the case of Dickinson v. Strong, 4 Pick. 58. The case of Ripley v. Severance, 6 Pick. 474, is also an authority to the same point; and so is the case of Webb v. Peele, 7 Pick. 247, [see 2d ed. 249, note 1,] although it has been relied on by the counsel for the plaintiff as an authority in his favor. That case turned on the question, whether the real estate was received in payment of the debt due to the trustee ; which would have been manifestly immaterial, if the trustee was chargeable for real estate held as security.[1]
Upon the authority of these cases, and the obvious construction of the statute, it is clear, we think, that the trustee is entitled to a discharge.
By his answers it appears, that when the plaintiff’s writ was served upon him, the debt due to him from the principal was not fully paid. The amount due is not material. The trustee had a right to retain his security so long as any part of the debt remained unpaid ; and he could not be made answerable for the surplus value of the land, for this would be to compel him to become a purchaser against his consent. If the debt had been fully paid, and a demand had been made for a re-conveyance, upon the trustee’s refusal to reconvey he might perhaps be held as debtor to the principal to the amount of the value of the land, provided he was bound by law to reconvey.As to this, however, we give no opinion. Nor is it necessary to discuss the question, whether the deed to the trustee is void as being fraudulent against creditors ; for however that question might be determined, the trustee could not be charged in this form of action.

Trustee discharged.

 See Sanford v. Bliss, 12 Pick 116; Fall River Iron Works v. Croade, 15 Pick. 16 ; Tucker v. Clishy, 32 Pick. 22; Gore v. Clisby, 8 Pick. 555; Wright f. Bosworth., 7 N. Hamp. R. 593; Guild v. Holbrook, 11 Pick. 101.