## Hale vs. Jewell & al.

Parol proof to show that a deed of conveyance, absolute on its face, was intended only as a security for money lent, is not admissible.

Where the title to real estate is absolutely vested by deed of bargain and sale, it shall not be disturbed by proof that all or part of the consideration was a usurious debt.

This was a writ of entry upon the plaintiff's own seisin of two lots of land, and a disseisin by the tenants; and was tried before *Parris J.* upon the general issue, with a reservation of liberty to give usury in evidence, in the same manner as if specially pleaded.

The demandant claimed title under a deed from *Danford Jewell*, and *Betsey Jewell*, the tenants, dated *Oct.* 11, 1828, conveying the premises to him absolutely in fee, with general warranty, for the consideration of $431,61.

It appeared that afterwards on the 28th day of the same *October*, the demandant gave *Danford Jewell* a bond, conditioned that upon the payment of $431,61 in four years, with interest annually, he would reconvey to him the same land. And on the same day he gave to said *Danford* a lease of one of the lots, on which the lessee lived, for four years, he paying annually for rent the interest on the money mentioned in the bond of the same date; with a clause rendering the lease void in default of punctual payment.

The tenants offered to prove, by the magistrate who was a subscribing witness, and took the acknowledgment of the deed, that it was at that time stated by the parties that the deed was a security for money loaned, and that the grantee was to give a bond, to reconvey the land, upon repayment of the consideration money in four years. They also offered to prove that the consideration of the deed consisted of certain usurious notes, which were given up to the tenants upon the execution of the deed; and that *Betsey Jewell* signed the deed upon the demandant's own suggestion, she being surety for her brother *Danford*, in one of the notes in which usury was secured.

This evidence the judge rejected, but reserved the question of its admissibility for the consideration of the court; a verdict being returned for the demandant.

*Fessenden*, for the demandant.

*N. Emery*, for the tenants.

The opinion of the Court was delivered at the ensuing *July* term, in *Waldo*, by

PARRIS J. If the bond and deed had been executed at the same time, had been between the same parties, and were parts of the same transaction, the bond would unquestionably operate as a defeazance, and the deed, instead of being an absolute conveyance in fee simple, would, with the bond, become only a " mortgage or assurance." But such are not the facts. The deed was executed and delivered on the 11th of *October*; the bond not until the 28th. The deed was made by *Danford Jewell* and *Betsey Jewell*, the tenants; the bond was given to *Danford Jewell* alone. Nothing appears in either instrument from which it may be inferred that they are parts of the same transaction. On the contrary, from the phraseology of the bond it is manifest that the purchase had been made by *Hale*, and the conveyance to him executed, at a time previous to the execution of the bond. If the absolute fee passed to the demandant on the 11th of *October* by the deed of that date, no subsequent agreement or instrument could so affect the original character of the conveyance as, in law, to render it conditional. Unless the conveyance was a mortgage at the time of its inception, it can never become such, in law, by any subsequent act of the parties. The seisin vested in *Hale* immediately on the execution and delivery of the deed, which was on the 11th of *October*, and the bond not having been executed until the 28th, and being between different parties, is to be considered a subsequent contract, not in law so affecting or qualifying the prior conveyance, as to render it a " mortgage or assurance for the payment of money."

The tenants offered to prove at the trial, by parol evidence, that it was stated by the parties at the time the deed was executed, that

it was security for money loaned, and that the grantee was to give a bond to reconvey, upon payment of the consideration. The effect of such parol evidence, if admitted and believed, would be materially to change the character and operation of the deed. In its terms it is absolute, purporting to be for a valuable consideration received by the grantor, and vesting the subject matter unconditionally in the grantee. The parol proof would make it a conveyance in mortgage, a mere security for the loan of money, and defeazable upon the performance of conditions, which do not appear in the instrument, and which are inconsistent with its legal operation. It is well settled that parol evidence is inadmissible to explain a deed, or to alter, control or vary a contract in writing, unless it contain some latent ambiguity ; as in *Kimball v. Morrell,* 4 *Greenl.* 368, it was held that " where the declarations of parties are admitted as part of the *res gesta,* it is because they go to explain the true intent and meaning of the parties at the time. But this rule is not applicable to the *contents of a deed ; which is not to be limited, restrained, or enlarged by any parol declarations of the parties.*" We think the ruling of the Judge was correct in excluding parol evidence of the declarations of the parties, that the deed was security for money loaned.

The tenants also offered to prove by parol, that certain notes formed a part of the consideration of the deed from them to the demandant, and that such notes were usurious. If the deed had been a mortgage, and security for the payment of the note alleged to be usurious, the evidence offered would unquestionably have been relevant and material to the issue ; but if the deed was absolute, as it purported to be, and as we must consider it, the evidence was properly rejected, as tending to show what the law will not permit to be shown in avoidance of such a conveyance. This question is discussed in *Boardman v. Roe & trustee,* 13 *Mass.* 104, and *Flint v. Sheldon ibid.* 443. In the first of these cases the trustee disclosed the purchase by him of a certain dwelling house of the defendants, and he was then inquired of whether he had not received more than six per cent interest on certain sums, which were included in and made part of the consideration of the deed. The court say

" if the object of the interrogatory is to avoid the deed of real estate, it is improper, because no man shall be held, by his answers, to disparage his title. Nor indeed would the effect be such as is contemplated ; for the bargain and sale being executed, the title under it would not be disturbed by proving that a part of the consideration was an usurious debt." The case of *Flint v. Sheldon* is more directly in point. That was a case of absolute conveyance of land, and the tenant offered to prove that the consideration was usurious. But the court say, " in making out this defence, the first step is to prove that the deed was a mortgage or assurance made for the payment of money. Unless it was so, the question of usury does not arise." In that case, also, as in the one before us, the tenant offered to prove that the conveyance, though absolute on the face of it, was made on the express condition that it should be void, or that the grantee should reconvey on repayment of the money. But the court say, such an agreement, if not reduced to writing, would have no effect whatever. It would neither make the conveyance a conditional one, nor would it bind the grantee to reconvey the premises. The admission of such evidence would violate the fundamental principle that deeds and specialties cannot be explained or varied in their signification by parol evidence, if the terms made use of in the instrument are capable of a sensible explanation of themselves.

These principles are also fully recognized in *Richardson v. Field,* 6 *Greenl.* 37.

Upon the whole, we perceive no good reason for disturbing the verdict in this case, and judgment must consequently be rendered thereon.