Bell
*vs.*
Kendrick & als.
It is said by *Bacon* that an award is a judgment, and can only be expounded by itself, without the aid of an averment of matters *dehors* to explain the meaning of the arbitrators; it is necessary that their meaning appear on the face of the award. 1 *Bacon's Ab.* 139, *Arbitrament and Award, E*, 1.

---

## J. BELL *vs.* JAMES KENDRICK, principal, and DANIEL KENDRICK, trustee.

In foreign attachment the trustee is bound to answer questions material to a correct decision of the case, although his answers may tend to impeach or impair his title to real estate.

In this case the plaintiff put to the trustee the following interrogatory :

Have you at any time received any deed or deeds of any lands of your son, James Kendrick, and if so, when, of what lands, and on what consideration?

Bell<br>vs.<br>Kendrick & als.

*Answer.* About seven years ago I received a deed of James Kendrick, of a lot of land in Lebanon, near the falls in Connecticut river, for which I paid a full consideration, and in which there is no trust for the benefit of said Kendrick; nor am I bound to answer for the rents and profits of any part thereof to said James.

The plaintiff then put the following interrogatories.

What was the consideration paid by you to said James Kendrick for said farm?

What have been the rents and profits on said farm, and who has received them since you received your deed aforesaid?

Did you, or did you not, sell and receive the pay for the hay cut on said farm the past or the present season?

These interrogatories the trustee refused to answer; and the question was, whether he was by law bound to answer them.

*Smith*, for the plaintiff.

*Perley*, for the trustee.

RICHARDSON, C. J., delivered the opinion of the court.

It is insisted, in this case, that the trustee is not bound to answer certain interrogatories which have been put to him, because his answers may tend to impair or impeach his title to the land; and several cases have been cited, in which it has been held, that he is not bound to answer, where such would be the effect of his answers. It was so held in *Boardman* vs. *Roe*, 13 *Mass. R.* 104, where it was said that no man shall be held to disparage his title; and in *Russell* vs. *Jervis*, 15 *Mass. R.* 127, where it was said that

Bell
*vs.*
Kendrick & als.

the trustee was not obliged to answer any question which might tend to impair or impeach his title to any real estate which he might have derived from the principal debtor. But no authority is cited in support of the rule, nor is any reason whatever intimated on which it may be supposed to rest.

In *Pierson* vs. *Willer*, 3 *Mass. R.* 564, it was decided that a trustee may, under certain circumstances, be charged as a trustee, by reason of land which has been conveyed to him. And in *Devoll* vs. *Brownell*, 5 *Pick.* 448, it was decided that the constitutional provision that no one shall be compelled to furnish evidence against himself, does not relate to questions of property, and that the trustee was bound to answer questions, the answers to which tended to prove a conveyance of personal property to him fraudulent.

But whatever may be the rule in Massachusetts, it has long been settled in this court, that if the answer of the trustee can be supposed to be material to a correct decision of the cause in which the interrogatory is put, he is bound to answer, although by so doing he may furnish evidence that may go to impair and impeach his title to real estate. This is the rule upon which we have always acted ; and we are of opinion that the interrogatories in this case, which the trustee has refused to answer, are material, and that he is bound to answer them.